**Minute Order Form (06/97)**

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 4197 | DATE | 7/10/2000 |
| CASE TITLE | USA ex rel. Curtis Vaughn vs. Mark A. Pierson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Curtis Vaughn's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 11 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 38 |
| ✓ | Mail AO 450 form. | | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel., CURTIS VAUGHN,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. PIERSON, WARDEN, HILL CORRECTIONAL CENTER,<br><br>Defendant. | Case No. 97 C 4197<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 of state prisoner Curtis Vaughn ("Vaughn"). Because Vaughn has either procedurally defaulted on his claims or fails to present any error on the part of the state courts that would warrant a writ of habeas corpus, the petition is denied.

## BACKGROUND

The following recitation of the relevant case history is taken from exhibits filed by the State in compliance with Rule 5 governing § 2254 cases (Docket No. 36), as well as exhibits filed with the State's previous Motion to Dismiss (Docket No. 8), Vaughn's Motion in Opposition to Respondent's Motion to Dismiss (Docket No. 10), and the State's Supplemental Response (Docket No. 13).



In 1984, Vaughn was convicted and sentenced to 65 years imprisonment for the murder of a fourteen-month-old child. Vaughn appealed, contending only that his sentence was excessive given substantial mitigation and the disparity between his sentence and those imposed in similar cases. (Rule 5, Ex. A). On December 28, 1990, the Illinois appellate court affirmed Vaughn's sentence, finding that the sentence comported with Illinois law. (*Id.*) Vaughn sought leave to appeal to the Illinois Supreme Court but was denied leave on April 3, 1991. (Mot. in Opp., Ex. B). Nothing is provided regarding this petition for leave to appeal.

On March 18, 1991, Vaughn filed a petition for post-conviction relief that the Illinois trial court denied on June 4, 1992. (Mot. to Dis., Ex. B at 5). Again, nothing is provided as to what issues were raised in this petition or upon what grounds the trial court dismissed the petition. On appeal, Vaughn's counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), in which counsel stated that he reviewed the trial record and found no arguable bases for collateral relief. (Rule 5, Ex. B). Vaughn did not respond to the motion. On the basis of the *Finley* motion and the record, the Appellate Court affirmed the trial court's dismissal of the post conviction petition, finding, simply, "no issues of arguable merit." (*Id.*)

The State asserts that Vaughn, thereafter, failed to seek an appeal before the Illinois Supreme Court. Vaughn, however, argues

that he did seek leave to appeal, and provides the Court with correspondence from the Illinois Supreme Court's Clerk's Office as evidence. (Mot. in Opp., Ex. C). However, the correspondence does not bear out Vaughn's assertion that leave was properly sought. The letter from the Clerk's office indicates only that Vaughn had until March 26, 1993 to file a petition for leave to appeal. (*Id.*) There is no evidence that Vaughn ever followed up and properly filed such a petition. In fact, the Clerk's Office maintains that he did not. (Supp. Mot., Ex. C).

On August 6, 1993, Vaughn filed a second post-conviction petition alleging: (1) that he was denied effective assistance of trial counsel in that counsel failed to conduct proper investigation, failed to elicit crucial testimony, and lacked knowledge of basic criminal procedures, all with respect to advancing Vaughn's claim that he lacked the requisite mental state for the charge; and (2) that he was denied effective assistance of appellate counsel in that appellate counsel refused to present those very issues on direct appeal. (Rule 5, Ex. C). The trial court dismissed the petition on August 20, 1993. The only discernable basis for the trial court's decision appears in a docket entry which states that the court found the petition "frivolous and patently without merit." (Mot. to Dis., Ex. B at 6).

On appeal, Vaughn's counsel filed a motion to withdraw pursuant to *Finley*. (Rule 5, Ex. D). Vaughn also did not respond to this motion. The Appellate Court affirmed the dismissal, citing *People v. Free*, 522 N.E.2d 1184 (Ill. 1988), and finding no basis to permit the consideration of a second post-conviction petition. (*Id.*)

The State represents that Vaughn failed to seek an appeal before the Illinois Supreme Court of the denial of this second post-conviction petition as well. Vaughn again argues that he did. However, upon examination of the record, the Court finds no indication that such leave was ever sought. Vaughn points to additional correspondence from the Illinois Supreme Court's Clerk's Office, but the correspondence is in regards to an appeal of a later state habeas petition and not the second post-conviction petition. (*Compare* Mot. in Opp., Ex. D, E, F with Rule 5, Ex. H). It may be that Vaughn is confused and believes that this one petition for leave to appeal sufficed to address not only the denial of his state habeas petition but the denial of the two previous post-conviction petitions. That would explain his challenge within the body of the petition to the Illinois appellate court's disposition of his post-conviction petitions. (*See* Rule 5, Ex. G at 3). However, it is clear that the Illinois Supreme Court construed the petition as addressing only the state habeas

petition, as the Supreme Court's order references only that matter's case number. (See Rule 5, Ex. H).

On January 25, 1996, Vaughn filed a petition for state habeas relief in the Illinois trial court, which was denied on February 1, 1996. (Mot. to Dis., Ex. B at 6). Nothing is provided as to what issues were raised in this state habeas petition or upon what grounds the trial court dismissed the petition. On appeal, Vaughn's appointed counsel again filed a motion to withdraw pursuant to *Finley*. This time, Vaughn responded to the motion to withdraw, contending that the State failed to prove the requisite mental state. (Rule 5, Ex. E). On June 28, 1996, the Illinois appellate court affirmed the dismissal of the habeas petition, holding that issues with respect to the sufficiency of the evidence are not cognizable under state habeas procedure and that the petition offers no other issues of "arguable merit." (Rule 5, Ex. F).

On October 16, 1996, Vaughn filed a petition for leave to appeal to the Illinois Supreme Court, contending that the state failed to prove the requisite mental state, and that he was denied effective assistance of both trial and appellate counsel. (Rule 5, Ex. G). On December 4, 1996, the Illinois Supreme Court denied Vaughn's petition for leave to appeal. (Rule 5, Ex. H).

On January 9, 1997, Vaughn filed a motion for leave to file a second state habeas corpus petition directly to the Illinois

Supreme Court. (Rule 5, Ex. I). That motion was denied on April 3, 1997. (Pet., Ex. B). Nothing is provided as to what issues were raised in this motion.

On June 9, 1997, Vaughn filed the instant federal petition for writ of habeas corpus alleging: (1) he was denied the effective assistance of trial counsel where counsel failed to investigate his competency and fitness to stand trial; (2) he was denied a competency hearing under 735 ILCS 5/104-21 in violation of his Fourteenth Amendment rights; (3) he was denied the effective assistance of counsel regarding petitioner's post-conviction petition; (4) that his sentence of an extended term of 65 years is not applicable to the offence with which he was charged and was greater than any other sentence imposed in similar cases, and that he was denied the right to have a fitness hearing prior to sentencing; (5) he was denied the effective assistance of trial counsel where counsel (a) failed to file a timely notice of appeal, and (b) failed to object and argue the presence of reasonable doubt as to his mental state; and (6) he was denied the effective assistance of direct appeal counsel where counsel only raised the issue of his sentence and did not raise other issues preserved in the post-trial motions. In his conclusion to his petition for writ of habeas corpus, petitioner also challenges the sufficiency of the evidence as to intent.

This petition was initially dismissed as untimely by Judge Ann Williams. However, on April 17, 2000, upon remand from the Seventh Circuit, Judge Williams vacated her previous order, finding the petition to be timely, and ordered the State to respond to the petition. The case was then reassigned to this Court on April 20, 2000.

### DISCUSSION

Before the Court can consider the merits of a petition for a writ of habeas corpus, several threshold requirements must be met. First, the petitioner must have exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 841 (1999). Additionally, the petitioner must have fairly presented his federal claims at each step of a state proceeding, so as not to be procedurally defaulted. *See Momient-El v. DeTella*, 118 F.3d 535, 538 (7th Cir. 1997). Federal review is precluded if the petitioner is in default unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Furthermore, even if the issues were fairly presented, federal review is still precluded if a state court declined to address the merits of the issues based upon a state ground that is both independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S.

at 729. Finally, the petitioner must raise an issue of federal law. See 28 U.S.C. § 2254 ("a district court shall entertain an application for writ of habeas corpus . . . only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States.")

### Procedural Default

The parties appear to agree that Vaughn has exhausted his state remedies. The State, however, insists that all the claims raised in this petition have been procedurally defaulted. The Court finds that Vaughn has procedurally defaulted on most but not all of the claims raised.

Vaughn's first claim – that he was denied effective assistance of trial counsel for failure to investigate his competency and fitness to stand trial – was never fairly presented to any state court and, therefore, has been waived. Fair presentment requires Vaughn "to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court," meaning both the operative facts and the controlling legal principles must be submitted for the court's review. *Rodriguez v. Scilla*, 193 F.3d 913, 916 (7th Cir. 1999). Here, the record contains evidence that Vaughn raised the issue of ineffectiveness of trial counsel at some point during each post-conviction proceeding that he pursued, but only with respect to whether trial counsel sufficiently attacked the State's evidence as to intent.

There is no evidence that Vaughn ever presented to the state courts the operative facts and legal principles with respect to his fitness to stand trial.

Vaughn's second claim - that he was denied a competency hearing in violation of his Fourteenth Amendment rights - has also been waived for the same reason. Nowhere in the record is there even a hint that Vaughn raised the issue of fitness before the state courts in the numerous proceedings that he brought there.

Vaughn's third claim - that he was denied effective assistance of counsel with respect to his post-conviction petitions - is not a cognizable claim under federal habeas law. Defendants are not entitled to representation in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Consequently, Vaughn cannot claim constitutionally ineffective assistance of counsel in such proceedings. See *Coleman*, 501 U.S. at 752.

Vaughn's fourth claim - challenging his sentence and denial of a pre-sentencing fitness hearing - is only partially defaulted. Vaughn's claim that he was deprived of a pre-sentencing fitness hearing, in violation of Illinois law, was again, never raised or hinted at in any of the proceedings below. As such, the claim has been waived.

However, Vaughn did challenge the alleged disparity of his sentence upon direct appeal. (Rule 5, Ex. A). And there is evidence that a petition for leave to appeal to the Illinois

Supreme Court was pursued as that leave was denied on April 3, 1991. (Mot. in Opp., Ex. B). While there is no documentation as to what issues were raised in that petition, the Court will assume that the same issue as to Vaughn's sentence was taken up there. Having completed a full round of review, this issue is then ripe for consideration here. *O'Sullivan*, 526 U.S. at 845 (holding that the exhaustion requirement merely requires that the state prisoners give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Vaughn's fifth ground - that he was denied effective assistance of trial counsel in that counsel failed to file timely a direct appeal and failed to attack sufficiently the State's evidence with respect to his mental state - while arguably raised during each of his state collateral proceedings, is, nevertheless, procedurally defaulted. First, Vaughn failed to seek leave to appeal both post-conviction petitions to the Illinois Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (holding that failure to present an issue for discretionary review to the state's highest court constitutes waiver).

Second, even if Vaughn properly presented the issue during his state habeas proceeding, the claim is still defaulted since Vaughn's state habeas petition was rejected on an independent and adequate state law ground. *See Coleman*, 501 U.S. at 734-35.

To determine whether a claim was dismissed on an independent and adequate state law ground, the courts in this circuit look to the decision of the last state court to have written an opinion. *See Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990). Illinois's habeas corpus procedure provides for very limited relief. *See generally* 735 ILCS 5/10-101, et. seq. It does not provide relief for non-jurisdictional errors, even constitutional ones, that occurred at trial. *Hughes v. Kiley*, 367 N.E.2d 700, 702 (Ill. 1977). Here, the Appellate Court, the last court to write an opinion with respect to Vaughn's state habeas petition, does not anywhere reference or appear to rely upon federal law to affirm the disposal of Vaughn's petition. Instead, the court relies upon the jurisdictional limitations of state habeas law specifically to affirm the dismissal of Vaughn's sufficiency of the evidence claim. As to the rest, the court simply found "no other issues of arguable merit." Hence, it appears that the state court declined to reach the merits of Vaughn's claims primarily on state law grounds. *See Coleman*, 501 U.S. at 734-35 (holding that unless the decision fairly appears to rest primarily on federal law, or to be interwoven with federal law, a federal claim is procedurally defaulted if the state decision appears to be grounded in state law).

Moreover, the asserted state ground is independent and adequate. A state ground is "independent" if the state court

actually relied on a state rule sufficient to justify its decision, and it is "adequate" if the state court applies it consistently. See *Prihoda*, 910 F.2d at 1382-83. In this case, the jurisdictional limitation for state habeas proceedings are certainly sufficient to justify the Appellate Court's decision, and there is no indication that the Illinois courts apply the jurisdictional limitation "infrequently, unexpectedly, or freakishly" to "show that the state is discriminating against the federal rights asserted." *Id.* at 1383. Accordingly, Vaughn's fifth claim has been procedurally defaulted.

Vaughn's sixth claim - that he was denied effective assistance of appellate counsel on direct appeal - as well as his challenge to the sufficiency of the evidence as to his mental state, is both procedurally defaulted for the same reason as his ineffective assistance of trial counsel claim.

Vaughn's procedurally defaulted claims must, however, be taken up by the federal court if the petitioner can either (1) "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But Vaughn cannot. The only conceivable cause suggested for Vaughn's default are his claims regarding the ineffective assistance of various counsel. However, as demonstrated above, all of his ineffective

assistance of counsel claims have themselves been defaulted without any showing of cause. As such, Vaughn's ineffective assistance of counsel claims cannot serve as cause to excuse his failure properly to exhaust state remedies. *See Edwards v. Carpenter*, \_\_\_ U.S. \_\_\_, 120 S.Ct. 1587, 1592 (2000).

Neither is there any basis for this Court to conclude that a fundamental miscarriage of justice would occur if the Court declines to review the defaulted claims. In order for Vaughn to demonstrate a fundamental miscarriage of justice, he must present evidence that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Vaughn does not. Therefore, the Court will not review the procedurally defaulted claims.

### Merits

The one remaining claim that survives the habeas procedural gauntlet is Vaughn's challenge of his sentence. Vaughn argues that his sentence of an extended term of 65 years violates the Due Process and Equal Protection clauses because his sentence is inapplicable to the offense he was charged with and is longer than sentences given in similar cases.

As a technical matter, Vaughn's proportionality claim is best addressed under the Eighth Amendment, which provides a more explicit textual source of constitutional protection in sentencing

- 13 -

than the amorphous Due Process or Equal Protection clauses. *See Holman v. Page*, 95 F.3d 481, 485-86 (7th Cir. 1996). But however Vaughn's claim is to be characterized, it does not provide a basis for overturning his conviction. A federal court will not normally review a state sentencing determination that falls within a state's statutory limit. *See Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). As the court on direct appeal held, Vaughn's sentence of an extended term of 65 years conformed with Illinois law allowing an extended term of 40 to 80 years for the death of a victim less than 12 years of age. (Rule 5, Ex. A at 7). Since there is nothing so "fundamentally unfair" about sentencing a man for 65 years imprisonment for the beating death of a fourteen-month-old child, the Court must reject Vaughn's petition. *See Gleason*, 42 F.3d at 1112.

Furthermore, Vaughn's assertion that his sentence is disproportionate to those dispensed in other case does not change the analysis. Even if this Court were to accept Vaughn's unsupported allegation that others charged with the same crime received significantly less jail time, this disparity does not amount to a constitutional violation as long as Vaughn's own sentence is appropriate to him. *See Holman*, 95 F.3d at 486. In this case, the court on direct appeal found that the trial court, in reaching the sentence, appropriately took into account aggravating factors such as the brutality of the crime, as well as

the possibility of any mitigating factors such as defendant's age and his own upbringing. (Rule 5, Ex. A at 7-8). These findings will not be disturbed by a federal court in habeas review when, as here, the petitioner cannot show that the court lacked jurisdiction to impose the contested term or committed constitutional error resulting in a sentence that is fundamentally unfair. *See Gleason*, 42 F.3d at 1112.

## CONCLUSION

Accordingly, for the reasons stated above, Vaughn's petition for a writ of habeas corpus is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: July 10, 2000