# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4197 | **DATE** | 10/18/2000 |
| **CASE TITLE** | USA ex rel. Curtis Vaughn vs. Mark A. Pierson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants Vaughn's motion for an extension of time to file, instanter, his motion for a certificate of appealability. However, since Vaughn cannot demonstrate that jurists could reasonably disagree with this Court's denial of his writ of habeas corpus, Vaughn's motion for a certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 19 2000 | |
| | Notified counsel by telephone. | date docketed | 45 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | FILED FOR DOCKETING 00 OCT 18 PM 1:45 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 18 2000
Judge Harry D. Leinenweber
U. S. District Court

DOCKETED
OCT 1 9 2000

UNITED STATES OF AMERICA, ex. rel., CURTIS VAUGHN,

    Plaintiff,

v.

MARK A. PIERSON, WARDEN, HILL CORRECTIONAL CENTER,

    Defendant.

Case No. 97 C 4197

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Curtis Vaughn's motion for an issuance of a certificate of appealability (the "COA") pursuant to 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. On July 10, 2000, the Court denied Vaughn's petition for a writ of *habeas corpus* on grounds that (1) most of his claims had been procedurally defaulted, and (2) that his only surviving claim – that his 65-year term sentence violated Due Process and Equal Protection – lacked merit. Vaughn seeks a COA with respect to all of the Court's finding.

### DISCUSSION

As an initial matter, the Court notes that Vaughn's request for a COA is technically untimely. Vaughn filed the motion on August 14, 2000, more than thirty days after the entry of this Court's order on July 10, 2000. However, Vaughn also filed a

motion for extension of time, explaining that his prison facility had been on lock-down, and, therefore, he did not have the ability to file the motion in time. It is within the discretion of the district court to grant an extension of time in which to file an appeal. *United States v. Griffin*, 88 F. Supp.2d 891, 892 (N.D. Ill. 2000). Accordingly, in light of the circumstances and the fact that petitioner is proceeding *pro se*, the Court grants Vaughn the extension of time and will consider his motion for a COA.

However, a COA under § 2253(c) will issue only when the petitioner makes a "substantial showing of the denial of a constitutional right, a demonstration that includes . . . showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, ___ U.S. ___, 120 S.Ct. 1595, 1603-04 (2000)(internal quotes omitted, citation omitted). Nothing in Vaughn's motion suggests that such is the case. First, the Court found most of Vaughn's claims to have been procedurally defaulted because they were either (1) never pursued to the Supreme Court of Illinois for discretionary review; (2) were not cognizable as a federal *habeas* claim as a matter of law; or (3) had been dismissed on independent and adequate state law grounds. These are "plain procedural bars" which the Court was correct to invoke given the record, and Vaughn adds nothing to demonstrate that a reasonable

jurist could conclude otherwise. *Slack*, 120 S.Ct. at 1604. Vaughn is especially adamant that the Court erred in finding that his claims relating to his fitness to stand trial were procedurally defaulted, citing to a transcript of a hearing before the Illinois trial court regarding the first of two post-conviction petitions. The transcript indeed contains evidence that the issue of Vaughn's fitness was raised during the first stage of his post-conviction petition. However, this evidence was never presented to this Court during its initial consideration of Vaughn's *habeas* petition. Moreover, the Court found that none of Vaughn's post-conviction petitions were properly pursued to the Supreme Court of Illinois for discretionary review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (holding that failure to present an issue for discretionary review to the state's highest court constitutes waiver). Therefore, even if Vaughn's fitness was questioned at some point during his post-conviction proceedings, the issue was waived by Vaughn's failure to complete a full round of review in accordance with the state procedural rules.

Second, the Court found that Vaughn's only remaining claim - that his 65-year term of sentence was disproportionate - was without merit because the sentence fell within the ambit of state law and was not "fundamentally unfair." Vaughn is concerned that this Court misconstrued his claim by interpreting it as an Eighth Amendment claim as opposed to a claim under the Due Process and

Equal Protection clauses as he intended. But the Seventh Circuit has explicitly declined to open new avenues for attacking sentences under the Due Process or Equal Protection clauses given that the Eighth Amendment already explicitly addresses the constitutionality of punishments. *Holman v. Page*, 95 F.3d 481, 485-86 (7th Cir. 1996). Furthermore, it is well-settled law that as long as a defendant's sentence falls within state law and is appropriate to his crime, federal courts will not overturn state sentencing determinations. *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994).

## **CONCLUSION**

The Court grants Vaughn's motion for an extension of time to file, *instanter*, his motion for a certificate of appealability. However, since Vaughn cannot demonstrate that jurists could reasonably disagree with this Court's denial of his writ of *habeas corpus*, Vaughn's motion for a certificate of appealability is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 18, 2000